UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case No.  EDCV 14-717 MWF (AJW)                                         Date:  November 17, 2015

Title: Henry Puckett v. G. Amaya, et al.
==================================================
PRESENT:            HON.    ANDREW J. WISTRICH, MAGISTRATE JUDGE

              Ysela Benavides
              Deputy Clerk                          Court Reporter
ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR DEFENDANTS:
         None Present                                    None Present

**Order to Show Cause re Failure to Return Service of Process Forms**

Plaintiff filed a civil rights complaint pro se and in forma pauperis ("IFP") on September 25, 2014.  An order for service of process by the United States Marshal ("USM") was filed on January 5, 2015.  Pursuant to the procedures utilized by the Clerk of Court in such cases, a packet containing service of process forms (USM Form 285) was mailed to plaintiff to be completed and returned.   The USM has advised the court that it has not received service of process from plaintiff.

If a defendant is not served within 120 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m). A plaintiff proceeding pro se and IFP "is entitled to rely on the U.S. Marshal for service of the summons and complaint.  Puett v. Blandford, 912 F.2d 270, 275 (9th Cir.1990).  "So long as the [plaintiff] has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause'" for extension of the 120-day period under Rule 4(m). Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.1994) (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)), abrogated in part on other grounds, Sandin v. Conner, 515 U.S. 472 (1995)).

When advised of a problem in accomplishing service, a pro se litigant proceeding in forma pauperis must "attempt to remedy any apparent service defects of which [the plaintiff] has knowledge." Puett, 912 F.2d at 274-275 (quoting and citing with approval Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir.1987)). If service cannot be accomplished due to the pro se plaintiff's "neglect" or "fault," such as failing to provide sufficient information to identify or locate the defendant, and the plaintiff fails to remedy the situation after being put on notice, dismissal is appropriate. See Walker, 14 F.3d at 1421-1422 (holding that a prisoner failed to show cause why his claims against a prison official should not be dismissed under Rule 4(m) where the prisoner failed to show "that he provided the marshal with sufficient information to serve [the defendant]"); Puett, 912 F.2d at 276 (vacating dismissal under Rule 4(m) and remanding for proper service by the U.S. Marshal where the record revealed that the lack of timely service "was certainly not due to [the plaintiff's] neglect" because "[h]e conscientiously took numerous steps to ensure that the defendants would be served").

Plaintiff is directed to show cause, if any there be, for his apparent failure to complete and return service of process forms to the USM.  **Plaintiff may do so by filing a declaration under penalty of perjury within twenty-one (21) days of the date of this order.  Plaintiff is cautioned that failure to respond to this order within the time allowed, or failure to show good cause as described in this order, may lead to the dismissal of this action.**

**IT IS SO ORDERED.**
cc:      Parties