1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| **HENRY PUCKETT,** ) | |
| ) | |
| **Plaintiff,** ) | **No. EDCV 14-717 MWF (AJW)** |
| ) | |
| **v.** ) | |
| ) | **ORDER DISMISSING ACTION** |
| **G. AMAYA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

On September 25, 2014, plaintiff filed a complaint pro se and in forma pauperis alleging claims for monetary and equitable relief under 42 U.S.C. § 1983. Plaintiff was a state prisoner when he filed the complaint, but he subsequently was released on parole. The named defendants are individual correctional officers and other employees of the California Department of Corrections and Rehabilitation sued in both their individual and official capacity. [Docket Nos. 9, 11]

An order was filed directing the United States Marshal ("USM") to serve the summons and complaints on defendants. [Docket No. 13]. Pursuant to the procedures utilized by the Clerk of Court in such cases, a packet containing service of process forms (USM Form 285) was mailed to plaintiff to be completed and returned with the information needed by the USM to serve each defendant. After the USM advised the Court that it had not received completed service of process forms from plaintiff, the court issued an order to show cause on November 17, 2015 (the "OSC"). The OSC directed plaintiff

1    to show cause, if any there be, for his apparent failure to complete and return service

2    of process forms to the USM. **Plaintiff may do so by filing a declaration under**

3    **penalty of perjury within twenty-one (21) days of the date of this order.**

4    **Plaintiff is cautioned that failure to respond to this order within the time**

5    **allowed, or failure to show good cause as described in this order, may lead to the**

6    **dismissal of this action.**

7    [Docket No. 15]. Plaintiff did not respond to the OSC within the time allowed.

8    It is well-established that a district court may dismiss an action for failure to prosecute,

9    failure to follow court orders, or failure to comply with the national or local rules. See Fed. R. Civ.

10   P. 41(b); C. D. Cal. Local R. 7-12, 41-1; Link v. Wabash R. Co., 370 U.S. 626, 629-630 (1962);

11   Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.) (per curiam), cert. denied, 516 U.S. 838 (1995); Ferdik

12   v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992); Carey v. King, 856

13   F.2d 1439, 1441 (9th Cir. 1988) (per curiam). "The power to invoke this sanction is necessary in

14   order to prevent undue delays in the disposition of pending cases and to avoid congestion in the

15   calendar of the District Courts." Link, 370 U.S. at 629-630.

16   In determining whether to dismiss a case for failure to prosecute, failure to comply with court

17   orders, or failure to comply with a rule, a district court should consider the following five factors:

18   "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

19   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases

20   on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA)

21   Prod. Liability Litig.,460 F.3d 1217, 1226-1228, 1234-1252 (9th Cir. 2006) (discussing and applying

22   those factors); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (same), cert. denied, 538

23   U.S. 909 (2003); see, e.g., Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir.

24   2004) (failure to comply with discovery orders); Southwest Marine Inc. v. Danzig, 217 F.3d 1128,

25   1138 (9th Cir. 2000) (failure to prosecute), cert. denied, 523 U.S. 1007 (2001); Ghazali, 46 F.3d at

26   53 (failure to follow local rule). Regardless of whether a litigant's conduct is most properly

27   characterized as failure to prosecute or to comply with a court order or a rule, the applicable standard

28   is the same.

The first factor—the public's interest in the expeditious resolution of litigation—"always

1  favors dismissal." <u>Pagtalunan</u>, 291 F.3d at 642 (quoting <u>Yourish v. California Amplifier</u>, 191 F.3d

2  983, 990 (9th Cir. 1999)).   "Orderly and expeditious resolution of disputes is of great importance

3  to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or

4  adjudication, is costly in money, memory, manageability, and confidence in the process." <u>In re PPA</u>

5  <u>Prod. Liab. Litig.</u>,460 F.3d at 1227. "[D]ismissal serves the public interest in expeditious resolution

6  of litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has

7  caused the action to come to a halt, thereby allowing the plaintiff, rather than the court, to control

8  the pace of the docket." <u>In re PPA Prod. Liab. Litig.</u>, 460 F.3d at 1234.

9      The second factor—the court's need to manage its docket—also favors dismissal.  <u>See</u>

10  <u>Pagtalunan</u>, 291 F.3d at 642 (holding that this factor weighed in favor of dismissal where the

11  plaintiffs' habeas petition "consumed some of the court's time that could have been devoted to other

12  cases on the docket"); <u>Ferdik</u>, 963 F.2d at 1261 (noting the importance of "preserv[ing] the district

13  courts' power to manage their dockets without being subject to the endless vexatious noncompliance

14  of litigants").

15      The third factor—prejudice to the defendants or respondents—supports dismissal. A

16  rebuttable presumption of prejudice to the defendant arises when a plaintiff unreasonably delays

17  prosecution of an action.  <u>In re Eisen</u>, 31 F.3d 1447, 1452-1453 (9th Cir. 1994) (citing <u>Anderson v.</u>

18  <u>Air West, Inc.</u>, 542 F.2d 522, 524 (9th Cir. 1976)); <u>see Pagtalunan</u>, 291 F.3d at 642-643 (holding

19  that the pro se petitioner's inadequately-explained failure to pursue the case for almost four months

20  was unreasonable and prejudicial); <u>Henderson v. Duncan</u>, 779 F.2d 1421 1425 (9th Cir. 1986)

21  ("[A]lthough no specific showing of prejudice to defendants is made, the integrity of the district

22  court is involved.  In this case, the district court did warn explicitly of the consequences of counsel's

23  dilatory behavior . . . .").

24      The fourth factor—the availability of less drastic sanctions—also supports dismissal.

25  Plaintiff was explicitly warned that his failure to timely respond to the OSC could result in dismissal.

26  <u>See In re PPA Prod. Liability Litig.</u>, 460 F.3d at 1229 ("Warning that failure to obey a court order

27  will result in dismissal can itself meet the 'consideration of alternatives' requirement."); <u>Computer</u>

28  <u>Task Group, Inc.</u>, 364 F.3d at 1116-1117 (noting that the disobedient party "had sufficient notice

that continued refusal to cooperate would lead to terminating sanctions"); <u>see also</u> <u>Anderson</u>, 542

-3-

F.2d at 525 ("There is no requirement that every single alternative remedy be examined by the court before the sanction of dismissal is appropriate. The reasonable exploration of possible and meaningful alternatives is all that is required.").

The fifth factor—the public policy favoring disposition of cases on their merits—weighs against dismissal, as it always does. Pagtalunan, 291 F.3d at 643 (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). Despite the policy favoring disposition on the merits, however, it remains a litigant's responsibility to comply with orders issued by the court and "to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." In re Eisen, 31 F.3d at 1454 (quoting Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991)). Plaintiff has not fulfilled that obligation.

The five-factor test for dismissal under Rule 41(b) is a disjunctive balancing test, so not all five factors must support dismissal. See Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998) (noting that the five-factor test "amounts to a way for a district judge to think about what to do, not a series of conditions precedent" to dismissal), cert. denied, 526 U.S. 1064 (1999); Hernandez, 138 F.3d at 399 (explaining that dismissal is appropriate when four factors support dismissal or where three factors "strongly" support dismissal). Four of the five factors support dismissal in this case.

A court has discretion to dismiss an action under Rule 41(b) with or without prejudice. See Fed. R. Civ. P. 41(b); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996). Considering all of the circumstances, this action is dismissed without prejudice.

**IT IS SO ORDERED.**

April 26, 2016

_____
MICHAEL W. FITZGERALD
United States District Judge

-4-